IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MORRIS L. BROWN<br>ISMAIL ABUHANIEH<br>MAHMOUD RIFAI<br>MAHMOUD ELMIARI<br>YOHANNES TINSAE | Case No. 3:19-CR-68<br><br>The Honorable Judge Walter H. Rice |

GOVERNMENT'S RESPONSE TO DEFENDANT
YOHANNES TINSAE's MOTION FOR BILL OF PARTICULARS

The United States of America, by ROBERT A. ZINK, Chief of the U.S. Department of Justice Criminal Division's Fraud Section, submits this response to defendant Yohannes Tinsae's ("Tinsae") Motion for Permission to Request a Bill of Particulars and Motion for a Bill of Particulars (Docket No. 51) (the "Motion"). For the reasons stated below, the Court should deny the Motion.[1]

**I.     Background**

On April 9, 2019, a federal grand jury returned an eight-count Indictment against the five above-captioned defendants. Counts One through Seven charge Dr. Morris Brown with unlawful distribution of controlled substances and maintenance of premises for unlawful distribution or dispensing, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 856(a)(1), and 856(a)(2). Count Eight charges the remaining defendants, including Tinsae, with a conspiracy to obtain controlled

---

[1] The Motion seeks leave to file its request for a Bill of Particulars beyond the 14-days after Indictment specified in the Rules. Fed. R. Crim. P. 7(f). The government does not object to the lateness in the request, given that it is a complex designated case. *See* Minute Entry, May 9, 2019. However, for the reasons stated herein, the lateness of the request is moot because there is no legal basis to justify a bill of particulars in this case.

substances by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of 21 U.S.C. § 846.

On May 9, 2019, the Court declared the case complex.

As described in the Indictment, the charges arise from Dr. Morris Brown's use of his clinic, Dayton Primary & Urgent Care Center, Inc., as a premises to unlawfully distribute controlled substances. *See* Indictment ¶¶ 27, 35. Brown owned the property where the clinic was located, *id.* ¶ 39, and leased a portion of the property to Dayton Pharmacy. Dayton Pharmacy paid Brown inflated rent for the right to occupy the premises. *Id*. ¶¶ 40, 41. The Indictment describes how two of the defendants—Abuhanieh and Rifai—held themselves out to be the owners of Dayton Pharmacy. *Id.* ¶ 51. It also describes how during the course of the conspiracy, which began in 2012, Tinsae was the pharmacist in charge, meaning that he was responsible for placing orders to pharmaceutical suppliers for controlled substances. *Id.* ¶¶ 52, 57. Count 8 further describes the object, manner and means, and individuals' roles.

Since the Indictment was unsealed, the government has made four separate discovery productions to the defendants, including a production on April 25, 2019, which contained records of communications between Dayton Pharmacy and five separate pharmaceutical suppliers.

**II.    Legal Standard**

The test in the Sixth Circuit "for determining whether a bill of particulars should issue is whether the indictment is sufficiently specific to inform defendants of the charges against them, to protect them from double jeopardy, and to enable them to prepare for trial." *United States v. Ridley*, 199 F.Supp.2d 704, 707 (S.D. Ohio. 2001). Where "the indictment provided the general dates of the falsifications, and the defendants had sufficient notice of their suspected roles in the fraud," no bill of particulars is necessary. *United States v. Younes*, 194 Fed. Appx. 302, 310 (6th

Cir. 2006). A bill of particulars is not meant to be a "discovery device" to try to "obtain detailed disclosure of the government's evidence prior to trial." *Ridley*, 199 F.Supp.2d at 708; *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial."). This is "particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *Id.* citing *United States v. Hayes*, 884 F.2d 1393 (6th Cir. 1989).

When a case involves "ample discovery" which provides the additional information the defendant seeks, the government does not need to provide a separate bill of particulars. *United States v. Page*, 575 Fed. Appx. 641, 643 (6th Cir. 2014) (citing *United States v. Tillotson*, 490 Fed. Appx. 775, 777-78 (6th Cir. 2012) (defendant was not prejudiced by the denial of his motion for a bill of particulars where any surprise he encountered at trial resulted from his failure to review a reasonable amount of evidence from the government")).

**III. Argument**

The Indictment is sufficiently specific to inform the defendant of the charges against him, protect him from double jeopardy, and to enable him to prepare for trial. Rather than merely restating the elements of the offense, the Indictment provides details. Tinsae is charged only in Count 8 of the Indictment. Count 8 names of three other co-conspirators. Indictment ¶ 47. It describes the object of the conspiracy as one where defendants "enrich[ed] themselves by obtaining proceeds of the conspiracy derived from Dayton Pharmacy's sale of controlled substances to customers." *Id.* ¶ 48. It provides the manner and means of how the conspiracy was effectuated in 14 separate paragraphs. *Id.* ¶¶ 49-63. These paragraphs specify each conspirator's role. *Id.* ¶¶ 49-53. And it provides the various steps the conspirators took "to obtain controlled

substances by misrepresentation, fraud, forgery, deception, and subterfuge," including providing details of three different false statements made to pharmaceutical suppliers *Id.* ¶¶ 60-62. This information more than meets the requirements for adequate notice of charges for a defendant. *See Hamling v. United States*, 418 U.S. 87, 117 ("indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend."). Therefore, no bill of particulars can be required.

In the Motion, the defendant seeks a bill of particulars specifically to: (1) identify Suppliers A, B, and C named in the Indictment, (2) identify "what was done fraudulently or what statements were considered to be false," (3) "set forth the alleged agreement between Mr. Tinsae and his co-defendants," and (4) obtain "clarification" of allegations against Dr. Brown in Count 8. Motion at 3. Because the defendant has this information from the Indictment or through discovery, a bill of particulars is unnecessary.

First, in light of the allegations in the indictment and the discovery that has been produced, the defendant could easily have identified the pharmaceutical suppliers alleged in the Indictment. The Indictment specifies the approximate dates of correspondence between each supplier and Dayton Pharmacy. *See, e.g.*, ¶ 58 ("In or around May 2012, Supplier A, a pharmaceutical supplier, refused to continue to supply Dayton Pharmacy with controlled substances"). And, the discovery contains records from the five different pharmaceutical suppliers that are dated and align with the allegations in the Indictment.[2]

Second, the Indictment sufficient alleges "what was done fraudulently or what statements were considered to be false." Motion at 3. For example, the Indictment alleges that "in or around

---

[2] The government has provided the defendant with the identities of each pharmaceutical supplier identified in the Indictment by pseudonym.

August 2014, to induce Supplier B to continue to supply pharmaceuticals to Dayton Pharmacy, Yohannes Tinsae, and others, made false statements to Supplier B, to induce Supplier B to sell controlled substance pharmaceuticals to Dayton Pharmacy." Indictment ¶ 60. As noted, the government has produced written notes of statements that Tinsae made to a representative from the pharmaceutical supplier in or around August 2014. Again, the supplier records are clearly dated. Each of the records identifies Tinsae by name when he was the one communicating with the pharmaceutical supplier. And the records contain notes of what Tinsae represented to the pharmaceutical supplier about Dayton Pharmacy. Further, the government also produced an interview report with the pharmaceutical representative who prepared the records. This discovery adequately informs the defendant of the nature of the charges against him so that he can prepare for trial. *United States v. Musick*, 291 Fed. Appx. 706, 724 (6th Cir. 2008) (rejecting request for bill of particulars in drug distribution and money laundering conspiracy). Requiring the government to provide more detail would be an improper "means of learning the government's evidence and theories." *Id.*

Third, the defendants asks for particulars that "set forth the alleged agreement between Mr. Tinsae and his co-defendants." Motion at 3. The government has identified Tinsae's co-conspirators by name in Count 8 and has outlined each conspirator's role. Indictment ¶¶ 47, 49-53. The allegation of the agreement is spelled out in the Indictment: it alleges that Tinsae and the others "knowingly, intentionally, and unlawfully, combine[d], conspire[d], confederate[d], and agree[d]…to knowingly, intentionally, and unlawfully acquire and obtain possession of controlled substances by misrepresentation, fraud, forgery, deception, and subterfuge. *Id.* ¶ 47. Again, this provides the defendant with adequate notice about the agreement as requested under the Federal Rules of Criminal Procedure. *See Musick*, 291 Fed. Appx. at 724.

Fourth, the Motion seeks "clarification" of the allegations against Dr. Brown in Count 8 of the Indictment.  The "purpose of a bill of particulars is to inform the defendant of the nature of the charges ***against him*** so that he can prepare for trial."  *United States v. Birmley*, 529 F.2d 103, 208 (6th Cir. 1978) (emphasis added).  It is beyond the scope of Tinsae's rights to seek a bill of particulars to clarify the government's charges against another defendant.

For these reasons, the Government respectfully requests that the Court deny the Motion.

        Respectfully submitted,

        ROBERT A. ZINK
        Chief, Fraud Section
        Criminal Division

By:    *s/Leslie S. Garthwaite*
       Thomas J. Tynan
       Leslie S. Garthwaite
       Chris Jason
       Trial Attorneys
       U.S. Department of Justice
       Criminal Division, Fraud Section
       1400 New York Avenue, N.W.
       (202)768-1136
       Thomas.Tynan@usdoj.gov

Dated: August 9, 2019

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day of August 9, 2019, I filed the foregoing Government's Response to Defendant Tinsae's Motion for Permission to Request a Bill of Particulars and Motion for Bill of Particulars with the Clerk of Court and provided an electronic copy to the defendant's counsel of record.

By: *s/Leslie S. Garthwaite*
Leslie S. Garthwaite
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
(202) 631-6388
Leslie.Garthwaite@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MORRIS L. BROWN<br>ISMAIL ABUHANIEH<br>MAHMOUD RIFAI<br>MAHMOUD ELMIARI<br>YOHANNES TINSAE | Case No. 3:19-CR-68<br><br>The Honorable Judge Walter H. Rice |

ORDER DENYING DEFENDANT TINSAE'S MOTION FOR BILL OF PARTICULARS

This matter is before the Court on defendant Yohannes Tinsae's motion for permission to request a bill of particulars and motion for bill of particulars.

Based on the defendant's Motion and the Government's Answer, the defendant's Motion for Permission to Request a Bill of Particulars and Motion for Bill of Particulars, it is HEREBY ORDERED that the defendant's Motion is DENIED.

_____
The Honorable Walter H. Rice
U.S. District Court Judge

Dated: _____